OPINION
This is an accelerated appeal from a decision of the Ashtabula Court of Common Pleas denying appellant's petition for postconviction relief.
Appellant, Terry L. Patterson, was indicted on a charge of aggravated murder in December 1983, and was convicted of murder in May 1984. Appellant was sentenced to an indefinite term of fifteen years to life. Appellant appealed that decision to this court, and we affirmed the judgment of the trial court.
On July 12, 2000, appellant filed a document in the Ashtabula County Court of Common Pleas styled a "Writ of Error." The court considered this pleading as a petition for postconviction relief. In his petition, appellant claimed that he was denied effective assistance of counsel in his 1984 trial, because his attorney was not, at that time, certified by the Supreme Court of Ohio to be appointed to death penalty cases. Appellant claims that he should have had two certified attorneys appointed for him. The State of Ohio did not respond to appellant's petition.
On September 14, 2000, the trial court entered judgment against appellant, denying his petition for postconviction relief.
Appellant's brief to this court did not include assignments of error, but his central issue for review seems to be that the court erred in its determination that appellant was not denied effective assistance of counsel in his criminal trial and sentencing. It appears to us that appellant's assignment of error is without merit, but we affirm the decision of the trial court on other grounds not argued by the parties.
Under R.C. 2953.21(A)(2), a petition for postconviction relief must be filed within one-hundred eighty days after the time for filing a direct appeal expires, if no appeal is filed, or within one-hundred eighty days after the transcript has been filed in the court of appeals, if an appeal is filed. Prior to the enactment of these limits in 1995, postconviction petitions had no statute of limitations.
Persons whose sentences were imposed before the effective date of the 1995 legislation do not have an unlimited time to file their petitions for postconviction relief, however. This court has stated that:
 "Section 3 of Senate Bill 4, amending R.C. 2953.21
contains the following savings language:
 "`A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.'"
 State v. Broome (Sept. 12, 1997), Geauga App. No. 96-G-2021, unreported at 4. Under the one-year provision of this savings clause, appellant's petition for postconviction relief should have been filed by September 23, 1996. See State v. Bowens (June 26, 1998), Ashtabula App. No. 97-A-0004, unreported at *6-7.
Appellant did not file his petition, however, until June 2000, almost four years beyond the time limit. Appellant has not claimed that his petition should have been allowed under the exception to the statute of limitations found in R.C. 2953.23(A); therefore, appellant's claim for postconviction relief is barred by the statute of limitations and the trial court should have dismissed it.
Appellant's assignment of error is moot, and the decision of the Ashtabula County Court of Common Pleas is affirmed on grounds other than those on which the court based its decision.
JUDGE ROBERT A. NADER, O'NEILL, P.J., GRENDELL, J., concur.